**EXHIBIT A TO SC LBR 3015**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Lori Boykin<br><br>DEBTOR(S) | CASE NO: 09-00830-jw<br>CHAPTER:<br><br>NOTICE OF PLAN MODIFICATION AFTER CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

I. NOTICE TO CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor[1] proposed a chapter 13 plan and motions that were previously confirmed by this court; debtor now moves, pursuant to 11 U.S.C. § 1329(a), Fed. R. Bankr. P. 3015(g), and Fed. R. Bankr. P. 2002(a)(5), to **modify the plan as follows**:

*(Include a brief explanation of the change made, the reason for the change and the specific creditor directly affected by the change. This information replaces the Motion for Modification previously required for plan amendment).*

*Debtor seeks to amend her plan to surrender the 1996 Lincoln Continental Sedan to Hott Cars, and to reduce her trustee payments as her circumstances have changed since filing and she can no longer afford her original trustee payment.*

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan are highlighted by italics. (See SC LBR 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov)  Deletions are noted as Not Applicable or by striking through the deleted provisions.  If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-five (25) days from the date this document is filed.  Timely objections will be scheduled for hearing and separate notice of such a hearing will be given.  If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

*II. (Repeat text of Exhibit A to SC LBR 3015-1 hereafter)*

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE:<br>**Lori Boykin**<br><br>                                   Debtor.[1] | CASE NO: 09-00830-jw<br>CHAPTER:  13<br><br>**NOTICE, CHAPTER 13 PLAN,**<br>**MOTIONS TO VALUE SECURITY, AVOID JUDICIAL**<br>**LIEN, AVOID A NONPURCHASEMONEY,**<br>**NONPOSSESSORY SECURITY INTEREST AND LIEN,**<br>**AND/OR TO ASSUME OR REJECT AN EXECUTORY**<br>**CONTRACT/UNEXPIRED LEASE** |
|---|---|

**I.   NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

A.   ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B.   DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-five (25) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II.   MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A.   <u>Nonpossessory, Nonpurchase Money Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest <u>Not</u> avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated judicial lien | Judicial lien Not avoided (see IV(B)(4) below) | Judicial lien avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-1.

C. <u>Valuation of Security:</u> The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **W. S. Badcock Corp.** bed | **1300.00** | **None** | **2,981.00** | **1300.00** | **1,681.00** |
| **Rooms to Go** couch, TV & hutch | **300.00** | **none** | **4139.00** | **300.00** | **3839.00** |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease:</u> The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| **AT&T** | 120.00 | N/A | N/A | regular payments to be paid by debtor directly to creditor beginning 2/09 |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee"):</u> The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of $ **350.00** per month for a period of **6** months followed by payments of **$180.00 per month for a period of 42 months**, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors:</u> The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor:</u>

      1.    The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $__**2,835.00**__ for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of __**725.00**__ was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $500.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and prepetition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

      2.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

_____

[3] The chapter 13 trustee shall not disburse more than the unpaid balance of the fee to be paid under the plan pursuant to (a), the balance of the fee previously applied for and authorized pursuant to (b), or the unpaid balance to be paid together with any supplemental fee then applied for and authorized under the terms of Operating Order 07-12, as applicable.

B.    Secured Creditor Claim: The plan treats secured claims as follows:

      1.    General Provisions: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. §362(c)(3) or (c)(4).) Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

      2.    Long-term or mortgage debt. No default:
The debtor is current on obligations to **-NONE-** and will continue regular payments directly to that creditor. Description of collateral:

      3.    Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

          a.    Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to **-NONE-** at the rate of $(payment amount) or more per month, for (collateral description), along with (percentage)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

          b.    Maintenance of regular non-arrearage payments. Beginning (month and year), the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

      4.    Secured portion of claims altered by valuation and lien avoidance:
The trustee shall pay **W. S. Badcock Corp.** the sum of $**41.00** or more per month, along with **7.25**% interest until the secured claim of $**1300.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

      The trustee shall pay **Rooms to Go.** the sum of $**10.00** or more per month, along with **7.25**% interest until the secured claim of $**300.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

    5.  <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:
The trustee shall pay  the sum of $  or more per month, along with **7.25**% interest until the secured claim is paid in full.

    6.  <u>Surrender of property</u>:
The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **1996 Lincoln Continental Sedan to Hott Cars.**  Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

    7.  <u>Secured tax debt</u>:
The trustee shall pay _ the sum of $ **0.00**  or more per month until the **net balance** of creditor's secured claim plus **0** % interest has been paid.  If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C.  <u>Priority Creditors</u>:  Priority claims shall be paid as follows:

    1.  <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

        a. Pre-petition arrearages.
The trustee shall pay the pre-petition domestic support obligation arrearage to **-NONE-**, at the rate of $(amount) or more per month until the balance, without interest, is paid in full.

        b.  The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. §101(14A) on a timely basis directly to the creditor.

        c.  Any party entitled to collect child support or alimony under applicable nonbankruptcy law may collect those post-petition obligations from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for pre-petition child support or alimony must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

    2.  <u>Other Priority debt.</u>  The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis.

D.  <u>Executory Contracts and Unexpired Leases</u>:  Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $(payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E.  <u>General Unsecured Creditors</u>:  General unsecured creditors shall be paid allowed claims pro rata by the trustee to the extent that funds are available after payment of all other allowed claims. The Debtor **does not** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date:   **August 27, 2009**                              BY:  **/s/ C. JENNALYN DALRYMPLE**
                                                              **C. JENNALYN DALRYMPLE**
                                                              **829 MEETING STREET**
                                                              **WEST COLUMBIA,, SC 29169**
                                                              **(803) 794-3311**
                                                              District Court I.D. **6724**
                                                              Attorney for the Debtor

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The parties served are individually listed on the accompanying list or mailing matrix.

```
Label Matrix for local noticing          ARROW FINANCIAL SERVICES LLC            AT&T Mobility
0420-3                                   c o Jefferson Capital Systems LLC       P.O. Box 538641
Case 09-00830-jw                         PO BOX 7999                             Atlanta GA 30353-8641
District of South Carolina               SAINT CLOUD MN 56302-7999
Columbia
Thu Aug 27 13:03:15 EDT 2009

Arrow Fincl                              Belks/RPM                               Lori Boykin
8589 Aero Drive                          P.O. Box 1548                           809 East Main Street
San Diego CA 92123-1722                  Lynnwood WA 98046-1548                  Apt 333
                                                                                 Lexington, SC 29072-3689


Capital One                              Care Credit                             Century Heights
P. O. Box 463051                         First Source Advantage                  100 Walden Heights
Escondido CA 92046-3051                  P. O. Box 628                           Irmo SC 29063-7865
                                         Buffalo NY 14240-0628


CitiFinancial Auto Credit, Inc.          Citifinancial Auto                      C. Jennalyn Dalrymple
P.O. Box 182287                          RC Care Center                          King and Dalrymple, PA
Columbus OH 43218-2287                   P.O. Box 9585                           829 Meeting Street
                                         Coppell TX 75019-9585                   West Columbia, SC 29169-7305


Department of Veterans Affairs           Department of Veterans Affairs          Fred Sykes
6439 Garners Ferry Road                  P. O. Box 5300269                       7024 Brookfield Road
Columbia SC 29209-1638                   Atlanta GA 30353-0269                   Columbia SC 29223-2211


GEMB/Care Credit                         Gemb/Lowe/Nationwide Credit             Hott Cars
P. O. Box 628                            2015 Vaughn Road, Ste. 400              1001 Percival Road
Buffalo NY 14240-0628                    Kennesaw GA 30144-7802                  Columbia SC 29223-3402


I C System                               I.C. Systems, Inc. o/b/o Progressive Phys Th   (p)INTERNAL REVENUE SERVICE
Po Box 64378                             c/o A. Thomas Pokela Attorney at Law           CENTRALIZED INSOLVENCY OPERATIONS
Saint Paul MN 55164-0378                 PO Box 2621                                    PO BOX 21126
                                         Sioux Falls, SD 57101-2621                     PHILADELPHIA PA 19114-0326


Jaime Bonk                               Jefferson Capital Systems LLC           LEXINGTON COUNTY TREASURER
200 Saddlebrooke Road                    PO BOX 7999                             212 S LAKE DR
Lexington SC 29072-7981                  SAINT CLOUD MN 56302-7999               LEXINGTON, SC 29072-3499


LVNV Funding LLC                         Lexington Cnty Tax Collector            Lexington County Treasurer
Resurgent Capital Services               212 S. Lake Drive                       Delinquent Tax Department
PO Box 10587                             Lexington SC 29072-3495                 212 South Lake Drive
Greenville, SC 29603-0587                                                        Lexington, SC 29072-3410


Lexington Medical Center                 MEDICAL COLLECTION SERVICES OF LMC      Med Data Sys
P. O. Box 2639                           PO BOX 100274                           128 W Center Ave
Lexington SC 29071-2639                  COLUMBIA, SC 29202-3274                 Sebring FL 33870-3103
```

```
Paramount Acceptance              Providence Hospital                       Receivable-Solutions
P. O. Box 17317                   110 Gateway Court Blvd., Ste. 200         4700 Forest Dr.
Salt Lake City UT 84117-0317      Columbia SC 29203-8922                    Columbia SC 29206-3119


Receivables Performance Mgt. LLC  Recovery Management Systems Corporation   Recovery Management Systems Corporation
20816 44th Ave. W                 25 SE Second Avenue                       25 S.E. 2nd Avenue, Suite 1120
Lynnwood WA 98036-7744            Suite 1120                                Miami, FL 33131-1605
                                  Miami, FL 33131-1605


Rooms to Go                       Roundup Funding, LLC                      S C Elec/Gas
J. Anthony Cambeci                MS 550                                    P. O. Box 100255
#8 Bourbon Street                 PO Box 91121                              Columbia SC 29202-3255
Peabody MA 01960-7481             Seattle, WA 98111-9221


SC Employment Security Comm'n     South Carolina Department of Revenue      South Carolina Electric & Gas Co. (SCE&G)
PO Box 995                        P.O. Box 12265                            1426 Main Street, MC 130
Columbia SC 29202-0995            Columbia SC 29211-2265                    Columbia, SC 29201-5804


William K. Stephenson Jr.         Target N.B./NCO                           Vertex Water
PO Box 8477                       507 PRUDENTIAL ROAD                       Business Service
Columbia, SC 29202-8477           HORSHAM PA 19044-2308                     P. O. Box 850001
                                                                            Orlando FL 32885-0001


(p)W S BADCOCK                    W. S. Badcock Corporation                 Wal-Mart/RPM
P O BOX 232                       Post Office Box 232                       P. O. Box 1548
MULBERRY FL                       Lakeland, FL 33802-0232                   Lynnwood WA 98046-1548
33860-0232


Washington Mutual/Providian       B. Ray Woodard                            eCAST Settlement Corporation assignee of Cap
Rebecca L. Babb, Esq.             Woodard and Butler                        One Bank
9930 Kincey Ave. Floor 3          PO Box 1906                               POB 35480
Huntersville NC 28078-6542        Walterboro, SC 29488-0020                 Newark NJ 07193-5480



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service          W. S. Badcock Corp.                       (d)W. S. Badcock Corporation
Centralized Insolvency Operations P. O. Box 497                             Post Office Box 232
PO Box 21126                      Mulberry FL 33860                         Mulberry, FL 33860
Philadelphia PA 19114-0326


(d)W. S. Badcock Corporation      End of Label Matrix
Post Office Box 232               Mailable recipients    50
Mulberry, FL 33860                Bypassed recipients     0
                                  Total                  50
```