ENTERED

OCT 27 2009

C.H.B.

FILED

at ___ O'clock & ___ min. ___ M

OCT 27 2009

United States Bankruptcy Court
Columbia, South Carolina (19)

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 09-00830-JW |
| | Chapter 13 |
| Lori Boykin, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court on Hott Cars' Objection to Confirmation of Debtor's Amended Chapter 13 Plan ("Objection"). This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), & (O). Lori Boykin ("Debtor") seeks to modify her chapter 13 plan after confirmation to surrender collateral securing a debt owed to Hott Cars. Hott Cars objects to this proposed modification. At the hearing, the Chapter 13 Trustee joined in the Objection, asserting that existing precedent in this District prevents Debtor from modifying her plan to alter the treatment of a secured creditor as a result of a post confirmation surrender of the collateral. The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).

### FINDINGS OF FACT[1]

1.      Prior to filing bankruptcy, Debtor purchased a 1996 Lincoln Continental ("Vehicle") from Hott Cars for $4,395.00. Debtor executed a Purchase Money Security

---

[1]      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

Agreement on October 31, 2008, which granted Hott Cars a security interest in the Vehicle.

2.      Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 13 of the Bankruptcy Code on February 4, 2009.

3.      On March 2, 2009, Hott Cars filed a proof of claim asserting a claim for $3,361.50, secured by the Vehicle, alleged to be worth $3,250.00. Hott Cars attached a statement of account to its proof of claim indicating that the principal balance due was $2,497.96, plus interest in the amount of $863.54.

4.      On March 30, 2009, Debtor filed an objection to claim of Hott Cars, asserting that its proof of claim included unearned interest and requesting that its secured claim be allowed in the amount of $2,497.96. Hott Cars did not file a response to Debtor's objection to its claim. Accordingly, the Court entered an order sustaining Debtor's objection and allowing Hott Cars's secured claim in the amount of $2,497.96.

5.      Debtor's chapter 13 plan filed on March 30, 2009 was confirmed by order entered April 3, 2009. In the confirmed plan, Debtors proposed to repay Hott Cars' secured claim in full by making monthly payments to Hott Cars of $78.00 per month, along with 7.25% interest.

6.      Since confirmation, Debtor has had to move out of her daughter's house and obtain her own residence. As a result, her monthly housing expenses have increased by $280.00 per month, leaving her with monthly net income of only $187.46 to fund her chapter 13 plan payments of $350.00. In addition, the testimony indicated that the Vehicle needs substantial mechanical repairs and is no longer operable, although the timing and cause of the breakdown of the Vehicle is unclear. Debtor testified that she

2

purchased the Vehicle so she could make trips to Fort Bragg in North Carolina, and the

Vehicle broke down the first time she attempted to drive it to Fort Bragg.

7.    As a result of her increased housing expenses, Debtor is no longer able to

afford her monthly plan payments, which include payments on the Vehicle. Accordingly,

Debtor filed an Amended Chapter 13 Plan on August 27, 2009, which provides for the

surrender of the Vehicle to Hott Cars in satisfaction of its secured claim. The Amended

Chapter 13 Plan allows Hott Carrs to file an itemized proof of claim for any unsecured

deficiency within a reasonable time after the surrender of the property.

8.    Hott Cars filed its *pro se* Objection on September 3, 2009. Debtor

opposed the Court's consideration of the Objection because it was filed without counsel,

but Debtor's objection was overruled by the Court.

## CONCLUSIONS OF LAW

The post confirmation modification of a chapter 13 plan is governed by

11 U.S.C. § 1329, which provides:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan;
> ...
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
> (2) The plan as modified becomes the plan, unless, after notice and a hearing, such modification is disapproved.

3

In the Fourth Circuit, "the doctrine of *res judicata* prevents modification of a confirmed plan pursuant to §§ 1329(a)(1) or (a)(2) unless the party seeking modification demonstrates that the debtor experienced a substantial and unanticipated post confirmation change in his financial condition." In re Murphy, 474 F.3d 143, 149 (4th Cir. 2007) (citing In re Arnold, 869 F.2d 240, 243 (4th Cir. 1989)). The purpose of this doctrine is to ensure that confirmation orders are accorded the necessary degree of finality to prevent parties from seeking to modify plans when minor and anticipated changes in the debtor's financial condition take place. Id. Accordingly, to determine whether to permit Debtor to modify her plan pursuant to § 1329, the Court must first determine whether Debtor has experienced a substantial and unanticipated change in her post confirmation financial condition.

Since her plan was confirmed, Debtor has had to move out of her daughter's home and obtain a separate residence. The Debtor's amended schedules indicate that her housing expenses have increased by $280.00 per month as a result of this change in circumstances. Her amended schedules further indicate that her monthly net income is now $187.46, which is insufficient to allow her to make the $350.00 per month payment required under her confirmed plan. It does not appear from the evidence before the Court that Debtor anticipated that she would have to incur this expense when her plan was confirmed. Thus, the Court concludes that Debtor has experienced a substantial and unanticipated change in her post confirmation financial condition.

The Trustee asserts that Debtor is nevertheless barred from modifying her plan under the McPherson case, an unpublished opinion in this District holding that a debtor cannot modify a chapter 13 plan post confirmation to surrender collateral as a matter of

4

law, regardless of whether the debtor has experienced an unanticipated and substantial change of circumstances. In re McPherson, C/A No. 98-01037-B, slip op. at 4 (Bankr. D.S.C. Sept. 27, 1999).

It appears that courts from other districts are split on the issue of whether § 1329(a) allows a debtor to modify a plan to surrender collateral in satisfaction of a creditor's secured claim. See In re Sellers, 409 B.R. 820, 824 (Bankr. W.D. La. 2009) (recognizing split); In re Mellors, 372 B.R. 763, 772 (Bankr. W.D.Pa 2007) (same); In re Miller, 2002 WL 31115656 (Bankr. M.D.N.C. 2002) (same); In re Conley, 2000 WL 1805324 (Bankr. E.D.Va. 2000) (same). Some courts follow the Sixth Circuit's decision in Chrysler Financial Corp v. Nolan (In re Nolan) 232 F.3d 528 (6th Cir. 2000), which holds that section 1329(a) does not allow a debtor to modify a confirmed plan to surrender collateral. See e.g., In re Arguin, 345 B.R. 876, 881-82 (Bankr. N.D. Ill. 2006); In re Cameron, 274 B.R. 457, 459-60 (Bankr. N.D.Tex. 2002); In re Coffman, 271 B.R. 492, 496 (Bankr. N.D.Tex. 2002); In re Jackson, 280 B.R. 703, 705 (Bankr. S.D.Ala. 2001); In re Smith, 259 B.R. 323 (Bankr. S.D. Ill. 2001); In re Meeks, 237 B.R. 856 (Bankr. M.D. Fla. 1999); In re Coleman, 231 B.R. 397 (Bankr. S.D.Ga. 1999); In re Dunlap, 215 B.R. 867 (Bankr. E.D. Ark. 1997). However, an increasing number of courts, in more recent decisions, have rejected the Nolan court's narrow reading of § 1329. See Sellers, 409 B.R. at 829; In re Davis, 404 B.R. 183, 194 (Bankr. S.D. Tex. 2009); In re Disney, 386 B.R. 292, 298 (Bankr. D. Colo. 2008); In re Ross, 373 B.R. 656 (Bankr. W.D. Mo. 2007); In re Marino, 349 B.R. 922 (Bankr. S.D. Fla. 2006); Bank One, N.A. v. Leuellen (In re Leuellen), 322 B.R. 648, 656 (S.D. Ind. 2005); In re Knappen, 281 B.R. 714 (Bankr. D.N.M. 2002); In re Zeider, 263 B.R. 114 (Bankr. D.

Ariz. 2001); In re Miller, 2002 WL 31115656 (Bankr. M.D.N.C. 2002); In re Conley, 2000 WL 1805324 (Bankr. E.D.Va. 2000). These cases conclude that § 1329(a) allows a debtor to modify his plan post confirmation to surrender collateral under certain circumstances.

The McPherson case in this District appears to be in line with the cases following Nolan. However, this Court has reviewed the case law on both sides of this issue and finds the recent line of authority holding that § 1329 permits plan modification to surrender collateral to be more persuasive. The courts following Nolan assert that allowing a debtor to modify a plan to surrender collateral under all circumstances unfairly prejudices creditors by making them assume the risk of the collateral's depreciation. This Court disagrees. The risk of depreciation "is inherent in every installment loan and most creditors have structured their businesses around this fact." See In re Coates, 180 B.R. 110, 199 (Bankr. D.S.C. 1995). This Court believes that creditors are sufficiently protected from abuse of the collateral or extraordinary depreciation by § 1329, which requires debtors to satisfy the requirements of § 1325 for approval of post confirmation modifications, including § 1325(a)(3)'s requirement that a plan be proposed in good faith. The Court may deny a proposed modification to surrender collateral on the grounds that it was proposed not in good faith where a debtor's conduct has caused excessive or abusive depreciation. See, e.g., In re Butler, 174 B.R. 44, 48 (Bankr. M.D.N.C. 1994) (finding that a modification to surrender a vehicle was not made in good faith where the debtor wrecked the vehicle and did not maintain insurance as required by his loan agreement). For these reasons, the Court declines to follow McPherson, an unpublished opinion, and concludes that § 1329 permits a debtor to modify a plan post confirmation to

surrender collateral, where the debtor has experienced a substantial and unanticipated change in circumstances and where the debtor otherwise meets the requirements for modification set forth in § 1329, including the requirement that plan be proposed in good faith.

A debtor's proposal to modify a plan to surrender the collateral also contains an implicit request that the secured creditor's claim be reclassified as an unsecured claim to the extent there is a deficiency. The Court finds that the reclassification of a creditor's claim is appropriately considered under § 502(j), which requires the Court to determine whether cause exists for reconsideration and whether the equities of the case support reconsideration. See 11 U.S.C. § 502(j) (providing that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.") A bankruptcy court's ability to reconsider a claim under § 502(j) has been relied upon as an additional ground for finding that debtors may modify a plan to surrender collateral. See In re Sellers, 409 B.R. at 824; In re Zeider, 263 B.R. at 116-17; In re Davis, 404 B.R. at 194-95; In re Miller, 2002 WL 31115656 (Bankr. M.D.N.C. 2002). According to these courts, when collateral is surrendered post confirmation, the debtor may use § 502(j) to reduce the creditor's previously allowed secured claim to reflect the value of the surrendered collateral and to reclassify the remainder of creditor's claim as an unsecured deficiency under § 506(a).

In this case, there is no evidence that Debtor abused or neglected the Vehicle. It further appears that the Debtor's increase in living expenses was unanticipated at the time of confirmation. No evidence suggestive of bad faith has been presented by the objecting parties. The Court finds Debtor has acted in good faith and has experienced a substantial

7

unanticipated change in her circumstances that justifies the proposed plan modification

which is necessary to ensure continued performance and payments to other creditors.

The Court further finds that the proposed modification does not unfairly prejudice Hott

Cars.  The time period that has elapsed since Hott Cars sold the Vehicle to Debtor is

relatively brief, therefore, it appears Hott Cars has the collateral for which it bargained.

Accordingly, it is hereby

ORDERED that the Objection to Confirmation filed by Hott Cars and joined by

the Trustee is overruled.  The Court will address the confirmation of Debtor's Amended

Chapter 13 Plan filed August 27, 2009 by separate order.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
October 27, 2009